UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA S. BOPP, *et al.* | CIVIL ACTION |
| VERSUS | NO. 23-18 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, *et al.* | SECTION M (4) |

## ORDER & REASONS

Before the Court is a motion to compel arbitration and dismiss or stay the litigation filed by defendants Independent Specialty Insurance Company ("ISIC") and Certain Underwriters at Lloyd's and other insurers subscribing to binding authority B604510568622021 ("Certain Underwriters") (collectively, "Defendants").[1] Plaintiffs Patricia S. Bopp, Edward S. Bopp, Dr. Felix Bopp, Sydney Perez, Kelly Weiss, and Contesta Apartments (collectively, "Plaintiffs") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting Defendants' motion and staying this litigation while the parties pursue arbitration.

**I.   BACKGROUND**

This case arises from an insurance coverage dispute following Hurricane Ida, which made landfall on August 29, 2021. Plaintiffs maintain surplus lines insurance with Defendants who jointly subscribe to the coverages, terms, and conditions set forth in the insurance policy no. 2021-803643-01 (the "insurance policy").[3] Plaintiffs made claims with Defendants after several of their properties were damaged by the storm.[4] On August 29, 2022, Plaintiffs filed this suit against

---

[1] R. Doc. 11.
[2] R. Doc. 14.
[3] R. Doc. 1-2 at 1.
[4] R. Doc. 1-1 at 1-2.

1

Defendants in state court seeking insurance proceeds and asserting that the insurers acted in bad faith with respect to their joint adjustment of the loss.[5] Defendants removed the suit based on diversity subject-matter jurisdiction under 28 U.S.C. § 1332.[6] Defendants also based their removal on the ground that there is a valid arbitration agreement in the insurance policy to which they both subscribe that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, because one of the insurers – Certain Underwriters – is a foreign citizen, thus giving this Court original jurisdiction pursuant to 9 U.S.C. §§ 202, 203, and 205.[7]

The insurance policy to which Defendants subscribe (*i.e.*, the governing document for each of the underlying insurance policies) contains the following arbitration clause:

> All matters in dispute between you and us … in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.
>
> ….
>
> Any Arbitration hearing shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.[8]

---

[5] *Id.* at 1-4.

[6] R. Doc. 1 at 3.

[7] *Id.* at 3-4. Section 203 provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," which gives federal district courts original jurisdiction over such actions. 9 U.S.C. § 203. Section 205 makes removable an action pending in state court that "relates to an arbitration agreement or award falling under the Convention." *Id.* § 205. Although the statute does not define when an action "relates to" an agreement or award falling under the Convention, "federal courts have recognized that the plain and expansive language of the removal statute embodies Congress's desire to provide the federal courts with broad jurisdiction over Convention Act cases in order to ensure reciprocal treatment of arbitration agreements by cosignatories of the Convention." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 376 (5th Cir. 2006).

[8] R. Docs. 1-2 at 13-14; 11-2 at 1-2.

The insurance policy also contains a claims settlement clause providing that the amount of loss, if disputed, is to be determined in arbitration.[9]

## II.   PENDING MOTION

Defendants seek to compel arbitration and stay the litigation, arguing that, because Certain Underwriters is a foreign citizen, the Convention applies and the criteria for compelling arbitration are satisfied.[10]  Defendants also argue that both of them, even the domestic insurer (ISIC), are entitled to compel arbitration and Plaintiffs are equitably estopped from objecting because they allege interdependent and concerted conduct by the Defendants in the claims handling.[11]  Further, Defendants argue that Louisiana law does not prevent the enforcement of the arbitration clause because it cannot reverse-preempt the Convention.[12]

In opposition, Plaintiffs argue that the arbitration clause is invalid because it is adhesionary.[13]  Plaintiffs also argue that they have separate and distinct insurance policies with each of the Defendants, the Convention does not apply to the domestic insurer (ISIC), and, consequently, the claims against ISIC are not subject to arbitration.[14]

## III.   LAW & ANALYSIS

There is a strong federal policy favoring arbitration.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 24-25 (1983).  The Convention is an international treaty that provides citizens of the signatory countries with the right to enforce arbitration agreements.  The

---

[9] R. Doc. 11-3.
[10] R. Doc. 11-1 at 1-9.
[11] *Id.* at 9-13.
[12] *Id.* at 13-15.
[13] R. Doc. 14 at 3-9.
[14] *Id.* at 9-11.  Plaintiffs also argue that the policy contains ambiguities and contradictions regarding which law should apply and where suit should be filed, which, they argue, should be construed against arbitration.  *Id.* at 12-14.  However, the citations listed by Plaintiffs do not appear in the record.  In the main, then, because the argument appears to be a "cut-and-paste" error in counsel's form, the Court will disregard it, except to note that the Court's own review of the provisions identified by Plaintiffs has not confirmed any of the ambiguities or internal conflicts which Plaintiffs reference.

purpose of the Convention is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries."[15] *Sherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201-208, codifies the Convention and provides for its enforcement in United States courts. *See id.* § 201 ("The Convention … shall be enforced in United States courts in accordance with this chapter."); *see also id.* § 206 ("A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States.").

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004). The Fifth Circuit has held that "a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Id.* (quotation omitted). Once these factors have been found to exist in a given case, a district court must order arbitration "unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Id.* (quotation omitted).

All four factors are satisfied in this case. The insurance policy contains a written arbitration agreement that provides for arbitration in the United States and arises out of a commercial legal relationship (namely, a contract of insurance). Further, as Plaintiffs concede,[16] one party to the

---

[15] It is undisputed that the United States (Plaintiffs and ISIC) and the United Kingdom (Certain Underwriters) are signatories to the Convention.
[16] R. Doc. 14 at 10.

4

policy – Certain Underwriters – is not an American citizen. Plaintiffs argue that its claims against the domestic insurer – ISIC – are not subject to the arbitration agreement because they are based on a separate insurance contract, which does not fall under the Convention, and equitable estoppel should not apply.[17] Although Plaintiffs may have separate insurance contracts with each insurer, this Court and others in this district have held that equitable estoppel prevents a plaintiff from objecting to arbitration with a domestic insurer when the claims against all defendants, foreign and domestic, are inextricably intertwined – that is, when a plaintiff has alleged substantially interdependent and concerted misconduct (here, improper claims handling) on the part of both the domestic insurer (here, ISIC, the nonsignatory to the contract containing the enforceable arbitration clause) and the foreign insurer (here, Certain Underwriters, the signatory). *Par. of St. Charles v. HDI Glob. Specialty SE*, 2023 WL 1419937, at *4 (E.D. La. Jan. 31, 2023) (discussing and applying *GE Energy Power Conversion France SAS, Corp. v. Outokumpu Stainless USA, LLC*, 140 S. Ct. 1637, 1645 (2020) (observing that "nothing in the text of the Convention could be read to otherwise prohibit the application of domestic equitable estoppel doctrines" that permit the enforcement of arbitration agreements by nonsignatories); *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 527 (5th Cir. 2000) (holding that "equitable estoppel is warranted when [a] signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both nonsignator[ies] and one or more of the signatories to the contract"); *Acad. of the Sacred Heart of New Orleans v. Certain Underwriters at Lloyd's London*, 2023 WL 246832, at *3-5 (E.D. La. Jan. 18, 2023) (applying *Grigson* to hold that equitable estoppel compels the arbitration of claims made without differentiation among the insurer defendants alleged to have acted interdependently and in concert in the adjustment and

---

[17] *Id.* at 9-11.

evaluation of plaintiff's insurance claims); *Kronlage Family Ltd. P'ship v. Indep. Specialty Ins. Co.*, 2023 WL 246847, at *6 (E.D. La. Jan 17, 2023) (applying equitable estoppel to compel arbitration when plaintiff did not differentiate between conduct of foreign and domestic insurers); *City of Kenner v. Certain Underwriters at Lloyd's London*, 2022 WL 16961130, at *3 (E.D. La. Nov. 16, 2022) ("*City of Kenner II*") (applying *Grigson* to hold that equitable estoppel compels the arbitration of claims made "without differentiation among the insurer defendants" alleged to "have acted interdependently and in concert in the adjustment and evaluation of plaintiff's insurance claims"); *City of Kenner v. Certain Underwriters at Lloyd's, London*, 2022 WL 307295, at *3 (E.D. La. Feb. 2, 2022) (applying *Grigson* to hold that equitable estoppel was warranted to compel arbitration when the plaintiff alleged that defendants collectively insured the property and, without differentiation, received proof of loss but failed to pay out on the damage in bad faith); *Port Cargo Serv., LLC v. Certain Underwriters at Lloyd's London*, 2018 WL 4042874, at *7 (E.D. La. Aug. 24, 2018) (applying *Grigson* to hold that equitable estoppel applied to compel arbitration when claims against foreign and domestic insurers were intertwined since "[a]llowing plaintiffs to proceed in court against the domestic insurers while simultaneously proceeding in arbitration against the foreign insurers would render meaningless the arbitration clause and thwart the intentions of the Convention and the federal policy in favor of arbitration")). Hence, this Court must order arbitration unless it finds that the arbitration agreement in the insurance policy is null and void, inoperative, or incapable of being performed.

Plaintiffs argue that Louisiana's prohibition against arbitration clauses in insurance policies precludes enforcement of the clause in this case.[18] This argument is unavailing for two reasons. First, "Louisiana courts have likewise adopted *Grigson*'s holding," notwithstanding the supposed

---

[18] R. Doc. 14 at 11 (citing La. R.S. 22:868).

prohibition. *Acad. of the Sacred Heart*, 2023 WL 246832, at *3 n.19 (quoting *City of Kenner II*'s holding to this effect and citing, by way of example, the state-court decision in *Sturdy Built Homes, L.L.C. v. Carl E. Woodward L.L.C.,* 82 So. 3d 473, 478 (La. App. 2011)).  Second, although La. R.S. 22:868(A)(2) generally prohibits insurance contracts from including arbitration clauses that deprive Louisiana courts of jurisdiction or venue over any action against an insurer, the statute does not apply to surplus lines insurance policies. *Certain Underwriters at Lloyd's, London v. Belmont Commons L.L.C.*, 2023 WL 105337, at *3 (E.D. La. Jan. 3, 2023) (citing La. R.S. 22:868(D) and :446(a) and applying equitable estoppel under *Grigson*).  Because this case involves surplus lines insurance, the statutory prohibition against arbitration does not apply.

Finally, without citing any evidence apart from the insurance policy itself, Plaintiffs argue that the arbitration clause is adhesionary and, thus, unenforceable, because it was not provided in a separate agreement but rather was embedded in the contract of insurance post-purchase as an endorsement, they did not understand or consent to it, and they did not have equal bargaining power.[19]  Under Louisiana law, courts apply the following factors to determine whether an arbitration agreement is adhesionary: (1) the physical characteristics of the clause, including font size; (2) the distinguishing features of the clause; (3) the mutuality of the clause, in terms of the relative burdens and advantages; and (4) the relative bargaining strength of the parties.[20]  *Aguillard v. Auction Mgmt. Corp.*, 908 So. 2d 1, 9 (La. 2005).  Analyzing these factors, other Louisiana federal courts have found that similar arbitration clauses in insurance contracts were not adhesionary. *See Tra-Dor Inc. v. Underwriters at Lloyds London*, 2022 WL 3148980, at *4 (W.D. La. July 25, 2022); *Glad Tidings Assembly of God Church of Lake Charles v. Indian Harbor Ins.*

---

[19] *Id.* at 3-4, 6-9.
[20] A federal court sitting in diversity applies the substantive law of the forum state. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

7

*Co.*, 2021 WL 2676963, at *2-3 (W.D. La. June 28, 2021); *Georgetown Home Owners Ass'n, Inc. v. Certain Underwriters at Lloyd's, London*, 2021 WL 359735, at *12-13 (M.D. La. Feb. 2, 2021). As in these cases, the arbitration clause at issue here is not adhesionary under the *Aguillard* factors. The clause is conspicuous, appearing on page 27 of a 39-page "All Commercial Property Form" constituting a principal part of the policy. It is clearly labeled with the header "Arbitration Clause" in bold print, set off from text, and the body of the provision is in clear, legible font that is the same, standard size as the rest of the surrounding provisions.[21] The arbitration clause is mutual, providing that "all matters in dispute" will be subject to arbitration and does not reserve to the insurer remedies that are unavailable to the insured.[22] And, as in the other similar cases, Plaintiffs have not demonstrated that they did not have adequate bargaining strength or the capacity to read and understand the policy terms before agreeing to them. Plaintiffs here own several properties and had a choice when procuring insurance. They could have walked away from a surplus lines policy containing an arbitration clause. "In Louisiana, a party who signs a written instrument is presumed to know its contents and cannot avoid its obligations by contending that he did not read it, that he did not understand it, or that the other party failed to explain it to him." *Georgetown Homes Owners Ass'n,* 2021 WL 359735, at *13 (quoting *Aguillard*, 908 So. 2d at 17). Accordingly, none of the *Aguillard* factors supports finding the arbitration clause to be adhesionary and unenforceable.

In sum, under the Convention and the equitable estoppel doctrine, an order compelling arbitration of this matter is appropriate, and section 3 of the FAA mandates that the Court "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Accordingly, the Court compels arbitration, stays the case pending

---

[21] R. Doc. 11-2 at 1-2.
[22] *Id.*

arbitration, and declines the Defendants' alternative request to dismiss Plaintiffs' claims at this time.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion to compel arbitration and stay litigation (R. Doc. 11) is GRANTED.

IT IS FURTHER ORDERED that this matter is STAYED and ADMINISTRATIVELY CLOSED while the parties pursue arbitration. Any party may move to reopen these proceedings, if necessary, once arbitration is complete.

New Orleans, Louisiana, this 23rd day of February, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE